IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL EARL IVORY, #116717, | ) | |
| CEDRIC PHILLIPS, #169252, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-CV-953-WHA |
| | ) | [WO] |
| | ) | |
| JAMES MULLINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Samuel Earl Ivory and Cedric Phillips, state inmates, challenging their transfer to Easterling Correctional Facility ["Easterling"] and the conditions present at this facility.[1] The plaintiffs name James Mullins, the warden of the Perry County Correctional Center, Governor Robert Bentley and Commissioner Kim Thomas as defendants in this cause of action.  The plaintiffs seek a declaratory judgment and injunctive relief.  *Id*. at 21.

Defendants Bentley and Thomas filed a special report and supporting evidentiary materials addressing the plaintiffs' claims for relief.  Pursuant to the orders entered in this case, the court deems it appropriate to treat this report as a motion for summary judgment.

---

[1]The plaintiffs filed the complaint during their incarceration at the Perry County Correctional Center immediately prior to their transfer to Easterling.

*Order of June 12, 2012 - Doc. No. 35.*  On this same date, the court entered an order requiring that "the plaintiffs ... show cause why James Mullins should not be dismissed as a defendant in this cause of action as there are no claims lodged against him nor is he responsible for the alleged violations of the plaintiff's constitutional rights set forth in the complaint regarding their confinement at the Easterling Correctional Facility."  *Order of June 12, 2012 - Doc. No. 36.*  The plaintiffs filed no response to this order.

This case is now pending on the motion for summary judgment filed by defendants Bentley and Thomas and the show cause order regarding dismissal of the complaint as to James Mullins.  Upon consideration of the motion for summary judgment, the evidentiary materials filed in support thereof and the plaintiffs' responses to the defendants' report/motion, the court concludes that the pending  motion for summary judgment is due to be granted.  The court further concludes that the complaint, with respect to James Mullins, is due to be dismissed.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th  Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[2]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [–now dispute–] of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

The defendants seeking summary judgment have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact.  Thus, the burden shifts to the plaintiffs to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to their case exists.  *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials

---

[2]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination."  *Id*. "'Shall' is also restored to express the direction to grant summary judgment."  *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

-- including the facts considered undisputed -- show that the movant is entitled to it."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive the defendants' properly supported motion for summary judgment, the plaintiffs are required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting their claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id.* at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue

4

of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (A plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("Mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."); *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts have no probative value.").  Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami,*

*Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case.  *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment.").  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case."  *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show no genuine dispute as to a requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his

6

favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, *pro se* litigants do not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiffs' *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, the plaintiffs fail to demonstrate a requisite genuine dispute of material fact so as to preclude summary judgment. *Matsushita*, *supra*.

### III. DISCUSSION[3]

#### A. James Mullins

Although the plaintiffs list James Mullins as a defendant, they present no claims attributable to any actions for which this individual was responsible. Based on the foregoing, the court provided the plaintiffs an opportunity to show cause why James Mullins should not be dismissed from this case of action. *Order of June 12, 2012 - Doc. No. 36*. The plaintiffs filed no response to this order. Consequently, with respect to the

---

[3]This Recommendation is limited to those claims presented by the plaintiffs in the complaint as any other claims are not properly before the court. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment."); *see also Order of April 2, 2013 - Doc. No. 40* (denying plaintiff Ivory leave to amend the complaint as to additional claims for relief occurring over a year after filing of the complaint and advising Ivory to file a separate cause of action if he sought to proceed on such claims); *Order of June 13, 2013 - Doc. No. 43* (denying plaintiff Ivory leave to amend the complaint on his access to court claim but allowing him to submit additional arguments in support of his response to the special report filed by defendants Bentley and Thomas). Consequently, the court addresses only those claims presented by the plaintiffs relative to their confinement at Easterling as this is the facility to which they were initially transferred.

naming of James Mullins as a defendant, the court concludes that the complaint is due to be dismissed.

### B.  Absolute Immunity Afforded Robert Bentley and Kim Thomas

To the extent that the plaintiffs sue defendants Bentley and Thomas in their official capacities, these defendants are immune from monetary damages. Official capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996).  Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that defendants Bentley and Thomas are state actors entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacities.  *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1575 (11th Cir. 1994); *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

8

### C.  Transfer to Easterling

The plaintiffs challenge their transfer to Easterling.  This claim provides no basis for relief as a convicted prisoner has no constitutionally protected right to confinement in a particular correctional facility.  *Meachum v. Fano*, 427 U.S. 215, 224 (1976) (no liberty interest arising from Due Process Clause in obtaining transfer to less secure prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose."); *see also Olim v. Wakinekona*, 461 U.S. 238, 245-246 (1983) (a prisoner has no constitutional right to be confined in a particular institution and may be subjected to an interstate transfer without implicating the Constitution).  Moreover, an inmate in the Alabama prison system has no constitutionally protected interest in any privileges bestowed upon him or confinement in the most desirable environment because the resulting restraints are not so severe that they exceed the sentence imposed upon him.  *Sandin v. Conner*, 515 U.S. 472, 485 (1995).  Although the plaintiff's confinement at Easterling may entail "more burdensome conditions" than that of a private facility this confinement is "'within the normal limits or range of custody which the conviction has authorized the State to impose.' *[Meachum,* 427 U.S. at 225]; *see also Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976)." *Sandin*, 515 U.S. at 478.  Thus, the failure to continue housing the plaintiffs in a correctional facility they deem more desirable than Easterling does not rise to the level of a constitutional violation and such claim therefore provides no basis for

relief in this 42 U.S.C. § 1983 action.

### D.  Speculative Claims

Throughout the complaint, the plaintiffs present claims based on their fears of conditions or actions which could occur during their future incarceration. Mere allegations that conditions **could** subsequently result in constitutional violations and/or that prison officials **may** at some time in the future act unfavorably towards an inmate are insufficient to state a claim on which relief may be granted under § 1983 action.  *Conner v. Sticher*, 801 F.2d 1266, 1268 (11th Cir. 1986) (plaintiffs' subjective belief harm may occur fails to implicate a constitutionally protected interest); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (jurisdiction cannot be premised upon mere speculation); *Carter v. Heard*, 593 F.2d 10 (5th Cir. 1979) (Relief is not warranted because "the injury which [plaintiffs'] pleadings contemplate is fancied, not real; prospective, not actual; and imagined, not threatened.").   Thus, claims based on  possible future adverse action are subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as these claims are purely speculative and without constitutional implication.

### E.  Lack of Standing - Claims Alleged on Behalf of Other Inmates

Standing is a cornerstone of American jurisprudence on which jurisdiction lies. "[A] litigant may only assert his own constitutional rights or immunities."  *McGowan v. Maryland*, 366 U.S. 420, 429 (1961), citing *United States v. Raines*, 362 U.S. 17, 22 (1960); *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 218-219

(1974) (plaintiff must assert a legally cognizable injury in fact before federal courts have jurisdiction). "The essence of a standing question is whether the plaintiff has alleged 'such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for the illumination of difficult constitutional questions[.]' *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703 7 L.Ed.2d 663 (1962)." *Saladin v. City of Milledgeville*, 812 F.2d 687, 690 (11th Cir. 1987); *Harris v. McRae*, 448 U.S. 297, 320 (1981) (same).

Standing involves two aspects. The first is the minimum "case or controversy" constitutional requirement of Article III. *Saladin*, 812 F.2d at 690. "To satisfy this 'irreducible' constitutional minimum required for standing, a litigant must show 1) that he personally has suffered an actual or prospective injury as a result of the putatively illegal conduct; 2) that the injury can be fairly traced to the challenged conduct; and 3) that the injury is likely to be redressed through court action." *Saladin*, 812 F.2d at 690, citing *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 472 (1982); *Warth v. Seldin*, 422 U.S. 490, 499 (1975). If any element is lacking, a plaintiff's claim is not viable. In addition, the Supreme Court has established several requirements based on prudential considerations. *Saladin*, 812 F.2d at 690 (internal citations omitted) ("The Supreme Court has also stated that, in addition to these essential constitutional requirements, a court should consider the case in light of three principles which might counsel judicial constraint, referred to as 'prudential' considerations.... Those

considerations are 1) whether the plaintiff's complaint falls within the zone of interests protected by the statute or constitutional provision at issue; 2) whether the complaint raises abstract questions amounting to generalized grievances which are more appropriately resolved by the legislative branches; and 3) whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties").

The instant complaint contains several claims relative to conditions of confinement to which other inmates may or have been subjected at Easterling and other correctional facilities throughout the Alabama prison system.  In accordance with applicable federal law, the plaintiffs lack standing to assert the constitutional rights of other persons.  *Saladin*, *supra.*; *Allen v. Wright*, 468 U.S. 737, 751 (1984).  The prudential limitation applicable in this case is that a litigant may not assert the legal rights or interests of another person. With respect to the claims arising from alleged violations of other inmates' constitutional rights, the plaintiffs are not "asserting [their] ... own legal rights and interests [but] rather ... the legal rights and interests of third parties."  *Saladin*, 812 F.2d at 690.  These claims therefore entitle the plaintiffs to no relief and summary judgment on such claims is due to be granted in favor of the defendants.

### F.  Conditions Claims

The plaintiffs maintain that the conditions at Easterling are "overcrowded, unsafe or extremely harsh" and constitute "cruel and unusual punishment." *Complaint - Doc. No. 1* at 2.  In support of this claim, the plaintiffs allege that:  (i) the inmate population of

Easterling is well above capacity; (ii) inmates are housed in buildings designed as gymnasiums; (ii) running water is limited; (iv) toilet facilities are inadequate and unsanitary; (v) insufficient storage space is provided for inmate property; (vi) security is inadequate; (vii) deficient fire safety measures exist; (viii) the number of beds furnished to the inmate population is inadequate; and (ix) heating, cooling and ventilation is inadequate. *Id*. at 2-7. The plaintiffs further assert that correctional officials have acted with deliberate indifference by failing to correct the conditions about which they complain. *Id*. at 6.

The defendants deny that the conditions made the basis of the instant complaint rise to the level of constitutional violations. Warden Louis Boyd addresses the plaintiffs' conditions claims as follows: "Inmates at Easterling Correctional Facility are not housed in buildings designed to be gymnasiums. All dormitories at Easterling Correctional Facility have running water with each dormitory having at least five toilets and eight showers. The fire evacuation routes are posted inside of each dormitory. Sprinkler systems along with fire extinguishers are [present in the facility and are] inspected on a monthly basis. Easterling also has a crew composed of inmates who are assigned [to fight fires] and receive training on extinguishing fires. The inmate restroom areas are cleaned on a daily basis, to include disinfectant. There are no inmates sleeping on cots at this facility. Inmates' storage areas are in line with [applicable regulations]. All of the dormitories have adequate heating and at least for industrial size fans [are utilized in] each dormitory."

*Defendants' Exhibit C - Doc. No. 20-3*.  Although overcrowding exists in the Alabama prison system, this fact, in and of itself, is not dispositive of the issues before this court.

Only those conditions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (19891).[4]  "'[T]he Constitution does not mandate comfortable prisons.' *Id.* at 349, 101 S.Ct. at 2400.  If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.' *Id.* at 347, 101 S.Ct. at 2399.  Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain.' *Id.*" *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).

A prison official may likewise be held liable under the Eighth Amendment for acting with "'deliberate indifference'" to an inmate's health or safety when the official knows that the inmate faces "a substantial risk of serious harm" and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 1974 (1994).  A constitutional violation occurs only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, ... and [that] the official does not respond[] reasonably to the risk'...." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001)(en banc), *quoting Farmer*, 511 U.S. at 844,

---

[4]The Eighth Amendment applies to the states through the Fourteenth Amendment. *Rhodes,* 452 U.S. at 344-345.

14

114 S.Ct. at 1982-1983.   Thus, in order to survive summary judgment on their claims challenging the conditions of confinement at Easterling, the plaintiffs are "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995); *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) ("To be deliberately indifferent, Defendants must have been 'subjectively aware of the substantial risk of serious harm in order to have had a "'sufficiently culpable state of mind.'"" *Farmer*, 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists-and the prison official must also 'draw that inference.' *Farmer,* 511 U.S. at 837, 114 S.Ct. at 1979.").

The living conditions within a correctional facility will constitute cruel and unusual punishment when the conditions involve or result in "wanton and unnecessary infliction of pain, [or] ... [are] grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes*, 452 U.S. at 347.  "Conditions ... alone or in combination, may deprive inmates of the minimal civilized measure of life's necessities.  Such conditions could be cruel and unusual under the contemporary standard of decency ....  But conditions that cannot be said to be cruel and unusual under contemporary standards are not

unconstitutional." *Id*. at 347.  To determine whether conditions of confinement constitute cruel and unusual punishment, the court must look to the effect the condition has upon the inmate.  *Id*. at 366.  In a case involving conditions of confinement generally or several different conditions, the court should consider whether the claims together amount to conditions which fall below constitutional standards.  *Hamm v. De Kalb County*, 774 F.2d 1567 (11th Cir. 1985), *cert. denied Hamm v. De Kalb County*, 475 U.S. 1096, 106 S.Ct. 1492, 89 L. Ed. 2d 894 (1986); *see also Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991).

Despite their allegations regarding the conditions of confinement at Easterling, the plaintiffs do not establish that these conditions denied them the minimal civilized measure of life's necessities or subjected them to a wanton and unnecessary infliction of pain. *Wilson*, 501 U.S. at 298-299; *Rhodes*, 452 U.S. at 347.  Furthermore, the plaintiffs fail to to demonstrate deliberate indifference or reckless disregard by the named defendants with respect to their health or safety.  Specifically, the plaintiffs do not identify any particular incident or condition of which defendants Bentley and Thomas were aware from which an inference could be drawn that a substantial risk of serious harm existed.  The record is also devoid of any evidence showing that the defendants drew the requisite inference. Consequently, summary judgment is due to be granted in favor of defendants Bentley and Thomas on the plaintiff's conditions claims.  *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999); *see also Carter*, 352 F.3d at 1349-1350.

**G.  Access to Courts**

The law directs that incarcerated persons are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977).  An inmate's right of access to the courts, however, is not unlimited. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified and limited the right to assistance recognized in *Bounds*.  Specifically, the Court held that "an inmate alleging a violation of *Bounds* must show actual injury" arising from the alleged inadequacies in the law library, legal assistance program or access provided by officials. *Lewis*, 518 U.S. at 349.  In identifying the particular right protected by *Bounds*, the Court explained that *Bounds* did not require "that the State ... enable the prisoner to **discover grievances**, and to **litigate effectively** once in court....  To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is [not something] ... the Constitution requires."  *Id*. at 354 (emphasis in original).  The Court similarly rejected the argument that the mere claim of a systemic defect, without a showing of actual injury, presented a claim sufficient to confer standing. *Id*. at 349.  Moreover, *Lewis* emphasized that a *Bounds* violation is related to the lack of an inmate's capability to present claims.  518 U.S. at 356.  "*Bounds*, which as we have said guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. When any inmate ... shows that an actionable claim of this nature which he desired to bring

has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates" the requisite actual injury. *Lewis*, 518 U.S. at 356. Finally, the Court discerned that the injury requirement is satisfied only when an inmate has been denied "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] convictions.... [I]t is that capability, rather than the capability of [perusing documents associated with his convictions], that is the touchstone." *Id*. at 356-357. "[T]he Constitution does not require that prisoners ... be able to conduct generalized research, but only that they be able to present their grievances to the courts - a more limited capability that can be produced by a much more limited degree of legal assistance." *Id*. at 360.

The plaintiffs initially assert that they have a right of access to the courts. In their responses, the plaintiffs allege that a fire required the construction of a temporary law library at Easterling and that correctional officials placed restrictions on use of the temporary law library. Specifically, Ivory asserts that inmates were required to fill out request slips to gain actual physical access to the law library and to obtain materials from the law library. In a supplemental response, Ivory maintains that loss of the permanent law library hampered his ability to proceed both on a post-conviction action challenging his state conviction and in this case.

With respect to this cause of action, the plaintiffs have filed all requisite pleadings and responses. Consequently, this court has taken no adverse action against the plaintiffs

based on any failure to properly prosecute this action.  In addition, the documents filed by Ivory demonstrate that he properly prosecuted his Rule 32 post-conviction petition throughout the state courts with his petition for writ of certiorari in the matter denied by by the Alabama Supreme Court on August 5, 2011.  *Plaintiff Ivory's Supplemental Response - Doc. No. 44* at 2.  Ivory further challenged the adverse decisions issued by the state courts on his Rule 32 petition by filing a petition for writ of certiorari with the United States Supreme Court.  *Plaintiff Ivory's Exhibit 1 to his Supplemental Response - Doc. No. 44-1* at 2-8 .  The Supreme Court deemed "[t]he petition for a writ of certiorari ... filed on October 3, 2011 and placed [the petition] on the docket of March 29, 2012...." *Id* at 1.  The Supreme Court dismissed the petition for writ of certiorari on June 4, 2012.  *Id*. at 14.

The plaintiffs fail to identify any shortcomings with the legal access provided to them which actually prohibited them from pursuing claims before this or any other court. Although restrictions were placed on use of the temporary law library, the inmates retained access to the law library and the materials contained therein by filing an appropriate request slip.  Moreover, no particular methodology of access is required nor is the ability to peruse documents in a law library necessary to provide access.  *Lewis*, 518 U.S. at 356-357. Throughout the proceedings in this case, a case primarily prosecuted during the plaintiffs' confinement at Easterling, the plaintiffs demonstrated they were both proficient and prolific at presenting and arguing the claims of their choice to the court of their choosing.  The record herein is devoid of evidence showing that the actions about which the plaintiffs

19

complain denied them of "a reasonably adequate opportunity to present [nonfrivolous] claimed violations of fundamental constitutional rights to the courts." *Bounds*, 430 U.S. at 825, 97 S.Ct. at 1496.  The plaintiffs fail to present any evidence establishing that the challenged actions deprived them of the *capability* of pursuing meritorious claims in either this court, other federal courts or the state courts.  Thus, the plaintiffs do not establish that they suffered the requisite injury, *Lewis*, 518 U.S. at 356, and the defendants are therefore entitled to summary judgment on the access to courts claim.  *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006) (access to courts claim fails because plaintiff did not show any actual injury); *Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991) (inmate entitled to no relief on access to courts claim in "the absence of any indications of ultimate prejudice or disadvantage....").

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  To the extent that the complaint names James Mullins as a defendant, the complaint be DISMISSED with prejudice.

2.  The motion for summary judgment filed by Robert Bentley and Kim Thomas be GRANTED.

3.  Judgment be GRANTED in favor of the defendants.

4.  This case be DISMISSED with prejudice.

5.  Costs be taxed against the plaintiffs.

It is further

ORDERED that on or before March 6, 2014, the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 18th day of February, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE