IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SAMUEL EARL IVORY, #116717, and<br>CEDRIC PHILLIPS, #169252,<br><br>      Plaintiffs,<br><br>vs.<br><br>JAMES MULLINS, et al.,<br><br>      Defendants. | CASE NO.  2:11cv-953-WHA<br><br>(WO) |

## **ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #46), entered on February 18, 2014, and the Objections filed by the Plaintiff Ivory (Doc. #47).

The Magistrate Judge's Recommendation was that the Complaint as to Defendant Mullins, the warden of the Perry County Correctional Center, be dismissed because Mullins was not responsible for the conditions/actions which formed the basis of the instant Complaint.  It was also recommended that the Motion for Summary Judgment filed by the remaining Defendants, Governor Bentley and Commissioner Thomas, be granted because the Plaintiffs had failed to establish a violation of their constitutional rights.  Specifically, it was determined that: (i) Bentley and Thomas were entitled to absolute immunity for claims seeking monetary damages from them in their official capacities; (ii) The Plaintiffs' challenge to their transfer to Easterling did not implicate any constitutional right; (iii) The purely speculative claims provided no basis for relief; (iv)  The Plaintiffs lacked standing to present claims on behalf of other inmates; and (v) The claims regarding conditions did not demonstrate cruel and unusual punishment or deliberate indifference so as to constitute a violation of the Eighth Amendment.

1

On February 26, 2014, Plaintiff Ivory filed his objections to the Recommendation. The majority of Ivory's objections relate to his assertion that this court improperly decided this case on summary judgment because the order issued by the United States District Court for the Southern District of Alabama transferring the case to this court for disposition (Doc. No. 34) "ruled that ... the prison officials were not entitled to summary judgment and plaintiff case should go to trial" *Objections - Doc. No. 47* at 5. Ivory makes this argument throughout his objections and asserts that because the Defendants did not object to transfer of the case this court was foreclosed from granting summary judgment in their favor. These arguments are wholly without merit, as neither the Recommendation to transfer the case nor the Order adopting the Recommendation addressed the merits of the Plaintiffs' claims for relief. Moreover, the Recommendation/Order from the Southern District did not direct this court to set the case for trial. Rather, the Recommendation and Order merely transferred the case to this court for disposition.

Ivory next argues that although a Staff Attorney was added to the docket sheet as an interested party on November 7, 2011, "plaintiff received no help from Staff Attorney Anderson and was told by the Honorable Debra P. Hackett ... that federal law prohibited [the staff attorney] from corresponding with state inmates." *Objections - Doc. No. 47* at 1. Ivory bases this argument on his erroneous belief that a Staff Attorney is assigned to cases "to advise inmates" during the case, *id.*, "assist inmates in pre-trial discovery" and aid in pursuing their claims. *Id.* at 5-6. He therefore objects to the Recommendation as an abuse of discretion due to the court "not allowing Staff Attorney Anderson to assist him in this case. *Id.* at 6.

As is clear from the foregoing, the objections set forth by Ivory do not in any way undermine the validity of the findings contained in the Recommendation. Thus, the objections are due to be and are hereby OVERRULED.

2

After an independent evaluation and *de novo* review of the file in this case, the court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby ORDERED as follows:

1. To the extent that the Complaint names James Mullins as a Defendant, the case is DISMISED with prejudice as to him.

2. The Motion for Summary Judgment filed by Robert Bently and Kim Thomas (treating Defendants' Doc. #20 as a Motion for Summary Judgment pursuant to the order of the Magistrate Judge entered on June 12, 2012 (Doc. #35)) is GRANTED.

3. This case is DISMISSED with prejudice, and costs are taxed against the Plaintiffs.

DONE this 12th day of March, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE